NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1611
_____

UNITED STATES OF AMERICA

v.

FREDERICK R. KELSEY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-08-cr-00687-001)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2014

Before: AMBRO, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed: November 4, 2014)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

Frederick Kelsey appeals the 37-month prison term imposed by the District Court upon the revocation of Kelsey's supervised release. Kelsey's counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. For the reasons that follow, we will grant the motion to withdraw and affirm the judgment of the District Court.

I.

In 1998, Kelsey pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 158 months' imprisonment followed by 5 years of supervised release. Kelsey was released from prison in 2008 and began his term of supervised release at that time. In November 2012, Kelsey was again indicted by a federal grand jury, this time for his role in an oxycodone distribution ring. In April 2013, he pleaded guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). He further agreed to testify truthfully against his co-conspirators at trial, which he eventually did. At Kelsey's sentencing proceeding in January 2014, the District Court granted the Government's downward departure motion under U.S.S.G. § 5K1.1, and sentenced Kelsey to 96 months' imprisonment, 114 months below the minimum prison term in the advisory Guidelines range of 210 to 262 months.

In March 2014, the District Court held a hearing on the United States Probation Office's petition to revoke Kelsey's term of supervised release on his 1998 conviction

2

based upon his recent drug trafficking conviction. Kelsey's criminal conduct that resulted in the latter conviction was classified as a "Grade A" violation of the terms of supervised release under U.S.S.G. § 7B1.1(a)(1). The Grade A designation, coupled with Kelsey's criminal history category of IV, produced an advisory Guidelines imprisonment range of 37 to 46 months. Kelsey's counsel initially objected to the Grade A designation, but withdrew that objection at the revocation hearing. After hearing from the Government, Kelsey's counsel, and Kelsey, the District Court imposed a sentence of 37 months' imprisonment to be served consecutively to the 96-month prison term on the oxycodone conspiracy conviction. Kelsey filed a timely appeal.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Counsel may seek to withdraw from representation if, "after a conscientious examination" of the record, *Anders*, 386 U.S. at 744, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When presented with an *Anders* brief, our inquiry is two-fold: "(1) whether counsel adequately fulfilled [Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). The *Anders* brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and also "explain why the issues are frivolous." *Id.* While "[c]ounsel need not raise and reject every possible claim[,] . . . at a

3

minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Id.* If we find that "the *Anders* brief initially appears adequate on its face," in the second step of our analysis we will "confine our scrutiny to those portions of the record identified by . . . [the] *Anders* brief," as well as "those issues raised in Appellant's *pro se* brief." *Id.* at 301.

Counsel here identifies only one potentially appealable issue: whether the District Court erred in not imposing a sentence below the advisory Guidelines minimum of 37 months in light of Kelsey's cooperation with the Government. Kelsey submitted a brief on his own behalf in which he reasserts the withdrawn objection to the Grade A designation.

### III.

### A.

We review sentences for procedural and substantive reasonableness. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citations omitted). The party challenging the sentence bears the burden of demonstrating unreasonableness. *Id.* (citations omitted).

Here, our independent review of the record reveals no procedural or substantive sentencing error. The District Court correctly observed that Kelsey faced an advisory Guidelines range of 37 to 46 months, adequately considered the § 3553(a) factors, including the nature of Kelsey's violation and Kelsey's criminal history, and thoroughly explained the reasoning behind the imposed sentence. The Court explicitly

4

acknowledged arguments from Kelsey's counsel that Kelsey had provided substantial assistance to the Government at significant personal cost; that other than committing the serious violation at issue, he had largely complied with the requirements of supervised release; and that he suffered from drug addiction. But understandably, the Court focused on Kelsey's "serious criminal record" and "continuing and lengthy deception" of the Probation Office, (Supp. App. 23), and emphasized that Kelsey had already received a downward departure of over 100 months in the underlying case based on his cooperation. In light of these factors, it was not unreasonable for the District Court to deny a downward variance and instead impose a consecutive sentence of 37 months' imprisonment, which was at the bottom of the advisory Guidelines range.

B.

In his pro se brief, Kelsey again raises the argument that he committed only a Grade B violation of the terms of his supervised release, which would have resulted in a Guidelines range of 12 to 18 months under U.S.S.G. § 7B1.4(a). The Government responds that Kelsey waived that argument when Kelsey's counsel expressly withdrew the objection at the revocation hearing. We need not decide whether the objection has been waived, because any such objection would have been completely meritless.

Under U.S.S.G. § 7B1.1(a)(1), a Grade A violation of supervised release consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . (ii) is a controlled substance offense . . . ." "Controlled substance offense" means any offense prohibiting "the manufacture, import,

5

export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b); *see also id.* § 7B1.1 *cmt. n. 3*. Here, Kelsey pleaded guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841. It is undisputed that he faced, and received, a term of imprisonment significantly in excess of one year.

Kelsey does not challenge that conviction, but he asserts that he was a mere "driver" in the underlying conspiracy and did not physically distribute any oxycodone. Appellant's Pro Se Br. at 4. He thus argues that his "actual conduct," U.S.S.G. § 7B1.1, *cmt. n. 1,* did not technically constitute a controlled substance offense. The record is clear, however, that whether as an accomplice, co-conspirator, or principal, Kelsey engaged in knowing and intentional criminal conduct that constituted a violation of 21 U.S.C. §§ 846 and 841. (*See, e.g.*, Supp. App. 11.) Accordingly, that same conduct was properly designated as a Grade A violation of the terms of his supervised release.[1]

---

[1] In his pro se reply brief, Kelsey argues that several factors prejudiced his ability to "prepare an adequate defense" on the revocation charge, in violation of the Due Process and Equal Protection Clauses. Specifically, he contends that (1) the Probation Office failed to timely inform him of the grade of his alleged probation violation; (2) his attorney failed to contact him until nine days before the revocation hearing; and (3) his attorney "was appointed from the same law office as the initial attorney who withdrew from the current offense, prejudicing [Kelsey] because of her preconceived notion of his guilt." Appellant's Pro Se Reply Br. at 1.

IV.

In conclusion, we find that counsel's *Anders* brief reflects a conscientious examination of the record. Our independent review confirms that there are no non-frivolous grounds for appeal. We will grant counsel's motion to withdraw and affirm the judgment of the District Court.

---

None of these issues were raised before the District Court or in Kelsey's opening brief on appeal. Even assuming that such claims were not waived for that reason, *see United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005), we conclude that they are frivolous. To the extent that Kelsey was entitled to "written notice of the claimed violations" of his supervised release, *see Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), he received such notice in November 2012 when the Probation Office filed its petition recommending that Kelsey's supervised release be revoked. *See* Report and Order of Probation Officer, *United States v. Kelsey*, No. 2:08-cr-00687 (E.D. Pa. Nov. 30, 2012), ECF No. 3. He provides no legal support for the claim that he was entitled to advance notice of the grade designation of the conduct underlying his prior conviction, but regardless, that same document specified that he faced a Grade A designation. *Id.* at 2. Kelsey's latter allegations are essentially claims of ineffective assistance of counsel, which should be raised by way of a motion under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

7